UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-118-FDW

| RONALD MCCLARY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| FNU BUTLER, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. (Doc. No. 1). On August 21, 2018, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 7). Thus, Plaintiff is proceeding in forma pauperis.

### I. BACKGROUND

Pro se Plaintiff Ronald McClary is a North Carolina prisoner incarcerated at Scotland Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on July 26, 2018, pursuant to 42 U.S.C. § 1983. Plaintiff has named as the sole Defendant FNU Butler, identified as an officer at Alexander Correctional Institiution. According to Plaintiff's allegations, on May 14, 2018, Defendant Butler reached into the trap of Plaintiff's cell and "grabbed [Plaintiff's] genitals and squeezed them hard causing unbearable pain." (Doc. No. 1 at 3).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Court will terminate this action because Plaintiff has brought the same claim that he brought in another pending action. That is, in another pending action in this Court, Plaintiff has named Defendant Butler as the sole Defendant, and Plaintiff also alleges that on May 14, 2018, Defendant Butler grabbed his genitals and squeezed them hard. See McClary v. Butler, 5:18cv98 (W.D.N.C. filed June 15, 2018).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action because Plaintiff already has an action pending in this Court in which he has brought the same claim.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed.

2. The Clerk is directed to terminate this action.

Signed: August 24, 2018

Frank D. Whitney
Chief United States District Judge